1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN BREWER, individually and on behalf of all others similarly situated, | ) 1:06cv1324 AWI DLB<br>)<br>) |
| | ) ORDER GRANTING PLAINTIFFS'<br>) MOTION TO COMPEL<br>) |
| Plaintiff, | )<br>) |
| v. | ) (Document 32)<br>) |
| SCOTT SALYER, | )<br>)<br>) |
| Defendants. | )<br>) |

Plaintiff Robin Brewer ("plainitff"), individually and on behalf of all others similarly situated filed the instant discovery motion on April 20, 2007. The matter was heard on May 25, 2007, before the Honorable Dennis L. Beck, United States Magistrate Judge. Howard Foster appeared on behalf of Plaintiff and Brian Maschler appeared on behalf of non-party SK Foods, L.P. ("SK Foods") and defendant Scott Salyer ("Salyer").

## BACKGROUND

Plaintiff filed the instant RICO class action against Salyer on September 21, 2006 on behalf of all legal U.S. citizens who worked as hourly paid employees at SK Foods during the last four years. Plaintiff seeks back pay to compensate him for the amount he believes his wages were depressed as a result of Salyer hiring illegal immigrants at SK Foods.

1

On May 17, 2007, the Honorable District Judge Anthony W. Ishii granted Salyer's motion to dismiss in part and ordered plaintiff to file an amended complaint within 30 days. Pursuant to the Scheduling Order, this case is bifurcated between issues relating to class certification and issues relating to the merits of plaintiff's claims. Discovery related to class certification closed on May 4, 2007.

Plaintiff initially sought the discovery at issue in this motion from Salyer, who objected to the requests on the grounds that he did not have possession of the documents. After conferring with counsel, on March 15, 2007 plaintiff served a subpoena on SK Foods requesting documents relating to the manner in which SK Foods sets its wages; the number of SK Foods skilled and semi skilled employees; and I-9 forms of each such worker. SK Foods objected to the requests, primarily on the grounds of privacy and burden. SK Foods also requested that discovery be stayed pending the ruling on the motion to dismiss. Plaintiff filed the present motion on April 20, 2007. The parties also filed their joint statement on April 20, 2007.

## DISCOVERY AT ISSUE

**Request No. 3**: All documents relating to the manner in which SK Foods determines the wages paid to unskilled or semi-skilled employees as well as what those wages are.

**Response:** SK Foods incorporates the General Objections as if fully set forth in response to this Request. SK Foods objects to this Request on the grounds that it seeks information that pertains to the purported "merits" of this case, as opposed to class certification issues and this violates the Case Management Order. SK Foods further objects to this Request on the grounds that it is vague and ambiguous.

**Request No. 6**: All compilations of the number of and names of SK Foods unskilled and semi-skilled employees, job categories, locations and all other criteria SK Foods, LP uses to organize or categorize them by pay grade or job description.

**Response:** SK Foods incorporates the General Objections as if fully set forth in response to this Request. SK Foods objects to this Request on the grounds that it seeks information that pertains to the purported "merits" of this case, as opposed to class certification issues and this violates the Case Management Order. SK Foods further objects to this Request on the grounds that it is overly broad, unduly burdensome and oppressive. SK Foods further objects to this request on the grounds that it is vague and ambiguous.

1    Plaintiff argues that these requests are relevant to class certification because in order to

2    establish commonality and predominance under FRCP 23(b)(3), plaintiff must be able to

3    establish that potential class members' wages are uniformly set.  Request 3 therefore seeks

4    documents relating to how wage levels are determined for SK Food workers.  Plaintiff argues the

5    documents requested in Request No. 6 are essential to determining numerosity under Rule 23 and

6    for determining whether there is any need to seek class certification of subclasses.

7    SK Foods argues that the requests go to the merits of the case rather than issues germane

8    to class certification and further documents that "relate to" how wages are determined or "all

9    compilations" could total in the thousands of pages.  SK Foods therefore argues the requests are

10    overly burdensome.

11           **Request No. 11**: All I-9 forms, including any support
             documentation (such as copies of personal identification) for all
12           SK Foods, LP'S hourly paid employees.

13           **Response**: SK Foods incorporates the General Objections as if
             fully set forth in response to this Request.  SK Foods objects to this
14           Request on the grounds that it seeks information that pertains to the
             purported "merits" of this case, as opposed to class certification
15           issues and this violates the Case Management Order.  SK Foods
             further objects to this Request on the grounds that it is overly
16           broad, unduly burdensome and oppressive and seeks private and
             confidential information of non parties, thereby violating their
17           rights.  SK Foods further objects to this request on the grounds that
             it is vague and ambiguous.

18

19    Plaintiff argues that review of the I-9 forms will enable him to determine the SK Foods

20    employees who are not authorized to work and therefore who is a legal worker and a potential

21    class member.  Plaintiff therefore argues the I-9 forms are relevant to issues of class certification

22    for purposes of establishing numerosity under Rule 23 and "manageability" under Rule 23(b)(3).

23    SK Foods, argues that plaintiff's reasons are pretextual and the request seeks confidential,

24    private and highly sensitive personal information of non-parties.

25                                        **DISCUSSION**

26    Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery

27    regarding any matter, not privileged, that is relevant to the claim or defense of any party,

28    including the existence, description, nature, custody, condition, and location of any books,

                                              3

documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter."

Request Numbers 3 and 6 seek information related to how SK Foods determines its wages and the number of unskilled and semi-skilled employees.  The requests are therefore relevant to the class certification process in which plaintiff must establish that potential class members' wages are uniformly set and numerosity.  Based on the clarification provided by plaintiff at the hearing as to the breadth of the requests, the motion is granted.  SK Foods shall provide documents responsive to Request Nos. 3 and 6, including "company level documents."

Similarly, the I-9 forms requested in No. 11, are relevant to issues that plaintiff must establish in the class certification process.  As discussed at the hearing, SK Food's privacy concerns can be addressed by a stipulated protective order.  The motion as to this request is therefore also granted.

### ORDER

Based on the foregoing, plaintiff's motion to compel non-party SK Foods to comply with plaintiff's subpoena issued March 15, 2007 is HEREBY GRANTED.  SK Foods shall produce documents responsive to Request Numbers 3, 6 and 11 within 20 days of the entry of a Stipulated Protective Order.

IT IS SO ORDERED.

Dated:   **May 29, 2007**            _____ **/s/ Dennis L. Beck**_____
                                                        UNITED STATES MAGISTRATE JUDGE

4