BRIAN P. MASCHLER (SBN: 111824)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
SCOTT SALYER AND
NON-PARTY SK FOODS, LP

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| ROBIN BREWER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SCOTT SALYER,<br><br>Defendant. | CASE NO. 1:06-CV-01324-AWI-DLB<br><br>**AGREED PROTECTIVE ORDER** |

**AGREED PROTECTIVE ORDER REGARDING**
**CONFIDENTIAL INFORMATION PRODUCED OR UTILIZED IN DISCOVERY**

IT IS HEREBY ORDERED BY THE COURT AND STIPULATED by and between Plaintiff Robin Brewer ("Brewer"), Defendant Scott Salyer ("Salyer"), and non-party SK Foods, LP ("SK Foods"), by and through their respective attorneys of record, that certain documents described below, will be subject to this protective order. It is hereby ORDERED that:

1. Documents or information produced or provided by any party <u>or</u> non-party during the course of discovery reflecting **"Individual Personal Information"** (as defined in paragraph 2) or "**Business Confidential or Proprietary Information**" (as defined in

paragraph 3) may be designated as **"Confidential Information"** so long as the party <u>or</u> non-party who seeks confidentiality has a good faith belief that it is entitled to confidentiality under the terms of this Order.

2. As used herein, the term **"Individual Personal Information"** includes:[1]

   a. Social security numbers;

   b. I-9 forms;

   c. Documents or information establishing or detailing an individual's immigration or citizenship status;

   d. Tax identification numbers and other tax related information, such as W-2 and W-4 forms;

   e. Bank account or financial account information;

   f. Other personal identification documents, such as drivers licenses, passports, and birth certificates; and/or

   g. Other personal, private or confidential information pertaining to non-party SK Foods, LP's employees and applicants for employment.

3. As used herein, the term "**Business Confidential or Proprietary Information**" means any confidential or proprietary information or trade secrets pertaining to or owned by any party or non-party, including financial information, wage rates, product information, customer lists, competitive analyses, copyrights, patents, marketing plans, production data, trademarks, hiring practices or strategies, and/or employment policies.

---

[1] A number of these items are included in E.D.L.R. 39-140 with respect to court filings.

4. The parties have agreed that a protective order is necessary prior to disclosing **"Confidential Information"** because of the highly sensitive nature surrounding such information.

5. All **"Confidential Information"** produced or exchanged in the course of this litigation by the parties shall be used solely for the purpose of this litigation, and such information disclosed shall not be used for any other purpose or for any other action.

6. **"Individual Personal Information"** and "**Business Confidential or Proprietary Information**" shall be treated as **"Confidential Information"** and remain **Confidential**, in accordance with this Order.

7. The designation of documents or information as "**CONFIDENTIAL"** (as detailed below) shall mean that such **"Confidential Information"** shall not be disclosed or transmitted, verbatim or in substance, to anyone except the following "Qualified Persons," as defined herein:

   a. Each attorney for the parties, and partners and employees of such attorney to whom it is necessary that the material be disclosed for purposes of this litigation;

   b. Any expert or consultant who is retained by the parties in connection with this litigation, who has no other relationship with any of the parties hereto, who is not a competitor or employed by a competitor of any of the parties, and who has signed the "Acknowledgement of Protective Order" attached as Exhibit A;

   c. Those employees or representatives of the parties in this litigation to whom it is necessary that confidential information be disclosed for purposes of this litigation, and who have signed the "Acknowledgement of Protective Order" attached as Exhibit A;

  d. Persons noticed for deposition or designated as trial witnesses on the condition that each person to whom the disclosure is made (i) is shown only confidential information that counsel in good faith decides is required for preparation for testimony or to testify, and (ii) acknowledges that they are bound by this Protective Order by signing a copy of Exhibit A;

  e. The Court, court personnel, members of the jury in this case, and court reporters or videographers transcribing depositions or other proceedings; and

  f. Any other person agreed to in writing by the parties or as the Court my direct.

8. Disclosure of **"Confidential Information"** shall be made in accordance with the following provisions:

  a. In the case of **"Confidential Information"** being produced to any party, **"CONFIDENTIAL"** shall be placed clearly on each such page or portion of the Discovery Materials designated for protection.  Failure to designate a document as **"CONFIDENTIAL"** does not constitute a waiver of such claim, and a Producing Party may so designate a document after such document has been produced through written correspondence, with the effect that such document is subject to the protections of this Protective Order on and after the date of its designation.

  b. In connection with this litigation, only the portion(s) of the documents and/or discovery responses that contain **"Confidential Information"** shall be treated as **Confidential**.  The remaining portion(s) of the document(s) and/or discovery response(s) will <u>not</u> be treated as **Confidential**.

  c. The parties may disclose **"Confidential Information"** to any Qualified Person in accordance with paragraphs 6 and 7.  If either party wishes to use **"Confidential Information"** (or documents containing **"Confidential Information"**) in

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

affidavits, briefs, or any other paper filed with this Court, they shall redact such information if possible, or else file such documents under seal in accordance with E.D. L.R. 39-140-141, and any other applicable Federal Rules of Civil Procedure.

    d. In the event **"Confidential Information"** is filed with this Court not in accordance with Paragraph 7 of this Protective Order, any party, upon discovery of the filing, may immediately, and without notice to the other party, seek to have the Clerk of Court remove any document containing confidential information from the public record until such time as the party who filed the document containing confidential information can file it in accordance with paragraph 9, or otherwise resolve the issue with the Court.

    e. In connection with this litigation, only the portion(s) of a deposition transcript containing **"Confidential Information"** shall be treated as **Confidential**. During the deposition, the party producing the **"Confidential Information"** shall indicate on the record at the deposition that the specific part of the testimony and/or exhibit marked for identification is **Confidential**. Failure to do so shall not be deemed a waiver of this agreement.

9. **"Confidential Information"** shall not be made available to anyone other than Qualified Persons. **"Confidential Information"** may be maintained in the possession only of Qualified Persons.

10. Nothing shall prevent disclosure beyond the terms of this Order if the designating party consents to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure in writing.

11. If a party wishes to challenge a designation of **"Confidential Information,"** he/it must do so within ten (10) days of receipt or will be precluded from later challenging

the designation. The designating party or SK Foods will then have five (5) days to withdraw the designation. If the dispute cannot be resolved informally, the objecting party may seek appropriate relief from the Court, in accordance with Civil Local Rule 37-251. If a motion challenging the designation is filed, the designating party or non-party shall have the burden of proving that the designated information is entitled to protection under this Order. The party or non-party that prevails in such a motion shall be entitled to recover reasonable attorneys' fees and costs incurred in bringing or opposing the motion.

12. Within sixty (60) days after the conclusion of this litigation, whether by settlement or adjudication, including any appellate proceedings, all documents designated as "**Confidential Information**" that were produced by any party or non-party, including all portions of deposition transcripts marked as containing "**Confidential Information"**, shall be returned to their respective counsel or destroyed. Any work product, abstracts, or summaries of such "**Confidential Information"** prepared by either party or their counsel shall be retained in a secure manner or destroyed.

13. Nothing in this Protective Order shall (a) restrict any attorney herein from rendering advice to his client with respect to this litigation and, in the course thereof, referring to or relying upon his examination of confidential information; provided, however, that in rendering such advice and in otherwise communicating with his client, the attorney shall not disclose the content of any confidential information to anyone who is not a Qualified Person; (b) be construed as a waiver of any objection or an agreement to produce materials; (c) restrict any party's right to oppose production of any information for any ground other than confidentiality, or (d) restrict any party's right to apply to the Court to have any confidentiality designation removed from any

document before showing such document to the jury that may sit in this matter.

14. Further, the parties may modify this Agreement in writing and with approval by the Court. The parties may request modification of this Order from the Court, after written notice to the other party.

15. This Protective Order does not prohibit any party from objecting to the production or disclosure of documents or information on any available basis, such as for attorney-client or work-product privilege.

16. This Protective Order does not prevent the parties from seeking additional protective orders for unrelated matters in the future.

STIPULATED AND AGREED:

DATED: July 9, 2007

/s/ Howard Foster
One of the Attorneys for the Plaintiff

DATED: July 9, 2007

/s/ Brian P. Maschler
One of the Attorneys for Defendant Scott Salyer

DATED: July 9, 2007

/s/ Brian P. Maschler
One of the Attorneys for Non-Party SK Foods, LP

IT IS SO ORDERED.

DATED: July 16, 2007        /s/ Dennis L. Beck
                            Dennis L. Beck
                            United States Magistrate Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| ROBIN BREWER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT SALYER<br><br>Defendant. | CASE NO: 1:06-cv-01324-AWI-DLB<br><br>**ATTACHMENT A<br>TO PROTECTIVE ORDER** |

## **ATTACHMENT "A" TO PROTECTIVE ORDER**

I, the undersigned, do solemnly swear that I am familiar with the terms of the Stipulated Protective Order ("Order") entered in *Brewer v. Salyer*, Case No: 1:06-cv-01324, in the United States District Court for the Easter District of California, Fresno Division ("Action"); that I agree to be bound by its terms; and that I submit to the Jurisdiction of the Court in which the matter this matter is pending.

Dated this _____ Day of _____, 20___,

Signature: _____

Printed Name:
_____

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

SKFO/1042292/1381879v.1