1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBIN BREWER, individually and on
behalf of all others similarly situated,

                        Plaintiff,

        v.

SCOTT SALYER,

                        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

1:06cv1324 AWI DLB

ORDER DENYING PLAINTIFFS'
MOTION TO STRIKE AFFIRMATIVE
DEFENSES

(Document 48)

    Plaintiff Robin Brewer ("plainitff"), individually and on behalf of all others similarly situated filed the instant motion to strike Defendant's affirmative defenses on July 6, 2007.  The matter was heard on August 10, 2007, before the Honorable Dennis L. Beck, United States Magistrate Judge.  Brian Maschler appeared on behalf of Defendant Scott Salyer ("Defendant").  Plaintiff submitted the motion without oral argument and did not make an appearance at the hearing.

## BACKGROUND

    Plaintiff filed the instant RICO class action against Defendant on September 21, 2006 on behalf of all legal U.S. citizens who worked as hourly paid employees at SK Foods during the last four years.  Plaintiff  seeks back pay to compensate him for the amount he believes his wages were depressed as a result of Defendant hiring illegal immigrants at SK Foods.

1

1    Defendant filed a motion to dismiss which the Honorable Anthony W. Ishii granted in

2  part on May 17, 2007 and ordered plaintiff to file an amended complaint within 30 days.

3  Defendant answered the amended complaint on June 19, 2007.  Pursuant to the Scheduling

4  Order, this case is bifurcated between issues relating to class certification and issues relating to

5  the merits.  Discovery related to class certification closed on May 4, 2007.

6    On July 6, 2007, Plaintiff filed the present motion to strike defendant's affirmative

7  defenses one through seven and nine though sixteen, pursuant to Federal Rule of Civil procedure

8  12(f).  Defendant filed an opposition on July 20, 2007 and Plaintiff filed a reply on August 2,

9  2007.

10                                **DISCUSSION**

11    Before responding to a pleading, or if no responsive pleading is permitted, a party may

12  move to strike any "insufficient defense or redundant, immaterial, impertinent or scandalous

13  matter."  Fed.R.Civ.Proc. 12(f).  "Affirmative defenses plead matters extraneous to plaintiff's

14  prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint

15  are true.  *FDIC v. Hurdman*, 655 F. Supp.  259, 262 (ED Cal. 1987).  Rule 8(b) requires a party

16  to state, "in short and plain terms the party's defenses to each claim asserted . . ."  Rule 8(c)

17  requires the affirmative pleading of 19 separate defenses.  A motion to strike provides an early

18  challenge to the legal sufficiency of such defenses.  *California v. United States*, 512 F.Supp. 36,

19  38 (ND CA 1981).

20  **A.    First Affirmative Defense - Failure to State a Claim**

21    Citing *Quintana v. Baca*, 233 F.R.D. 562, 564 (CD Cal. 2005), Plaintiff argues that

22  Defendant's First Affirmative Defense - Failure to State a Claim, is not a valid affirmative

23  defense and further, the Court has already denied Defendant's Rule 12(b)(6) motion which was

24  based on the same grounds.

25    As pointed out by Judge Wanger in his June 1, 2007 Order denying Plaintiff's motion to

26  strike the same affirmative defenses in *Hernandez v. Balakian*, 06cv1383 OWW DLB, Rule

27  12(h)(2) provides that the defense of failure to state a claim may be made in any pleading

28  permitted or ordered under Rule 7(a), which includes an answer.  The defense is therefore not

1  legally insufficient.  Further, the Court has not ruled on the legally sufficiency of the amended

2  complaint because Defendant filed an answer on June 6, 2007.  Plaintiff's motion is therefore

3  denied as to the First Affirmative Defense.

4  **B.      Second through Sixth Affirmative Defenses**

5        In Affirmative Defenses Two through Six, Defendant asserts that Plaintiff has not

6  suffered any damages or that he is unable to establish a number of requirement to prove his

7  RICO claim:

8        Plaintiff contends that Affirmative Defenses Two through Six are simply denials of fact

9  or law pled in the complaint.  Because these affirmative defenses do not raise matters extraneous

10  to the complaint, Plaintiff argues they should be stricken.  Plaintiff also argues that this Court has

11  already determined that he has satisfactorily alleged a RICO enterprise: "The Complaint

12  distinguishes between Salyer (the named defendant) and SK Foods (the alleged enterprise) and,

13  furthermore, alleges that Salyer has approved and implemented the allegedly unlawful hiring

14  criteria.  The fact that Salyer acted through SK Foods to advance the alleged scheme does not

15  make SK Foods the defendant.  Thus, plaintiff has satisfactorily alleged a RICO enterprise . . ."

16        This Court agrees that  "Plaintiff's motion with regard to these affirmative defenses is, as

17  Defendant asserts, an "unnecessary formalism . . ."  *Hernandez v. Balakian*, 06cv1383 OWW

18  DLB, Doc. 57, p.6:1-3.  These affirmative defenses go to the heart of the case and Defendant will

19  be able to litigate them regardless of whether they remain in the answer.

20  **C.      Seventh Affirmative Defense**

21        In the Seventh Affirmative Defense, Defendant asserts that Plaintiff's claims are barred

22  because he was paid a lawful wage and a wage for which he agreed to work.  Plaintiff claims that

23  the fact that he "agreed" or "acquiesced" to work at this wage is not a valid affirmative defense

24  under RICO.  Plaintiff cites *Perma Life Mufflers, Inc. v. International Parts Corp.,* 392 U.S. 134,

25  138 (1968), *rev'd on other grounds*, *Copperweld Corp. v. Independence Tube Corp.,* 467 U.S.

26  752 (1984) in support of his argument that broad common law defenses such as unclean hands

27  are not recognized in actions under federal statutes, such as antitrust and securities fraud.

28

**T**his defense goes to Plaintiff's theory of damage, which Defendant argues is premised on an assumption that he is entitled to a wage that is higher than what California law requires or than what he agreed to.  Defendant argues this theory is untenable, both factually and legally and that the cases cited by Plaintiff do not address this affirmative defense in the context of a RICO action.  In light of the unsettled nature of the law in this area, the Court will not, at the pleading stage rule on the validity of this affirmative defense.  *See Hernandez v. Balakian*, 06cv1383 OWW DLB, Doc. 57, p.12:18-23.  Plaintiff's motion to strike the seventh affirmative defense is therefore denied.

**D.  Affirmative Defenses Nine through Fifteen**

Defendant's Affirmative Defenses Nine through Fifteen allege that class certification is not appropriate in this case.  Citing Rule 23(c)(1)(a), Plaintiff argues these are not valid affirmative defenses because class certification must occur "at an early practicable time."

This issue will be resolved in Rule 23 certification proceedings.  Plaintiff's motion to strike is therefore denied.

**E.  Sixteenth Affirmative Defense - Statute of Limitations**

Plaintiff argues Defendant's statute of limitations affirmative defense should be stricken because it lacks any legal foundation.  The statute of limitations for civil RICO claims is four years and Plaintiff has alleged that Defendant violated the Immigration and Nationality Act and, consequentially RICO, continuously since 2002.  Plaintiff cites *Trollinger v. Tyson Foods, Inc.,* 2006 U.S. Dist. LEXIS 17448 (ED Tenn 2006), holding that under the "separate accrual rule" in RICO cases, a cause of action accrues and the statute of limitations period begins, each time a defendant commits an act which injuries the plaintiff's business.  Thus, Plaintiff argues that even if he was aware of the illegal hiring prior to 2002, his claim is still not barred by the statute of limitations.

Defendant argues that in a civil RICO action, the limitations period begins to run when a plaintiff knows or should have known of the injury which is the basis for the action.

The merits of this defense can only be determined on the basis of discovery and a fully developed record.  A Rule 12(f) motion is not an appropriate vehicle for making such a

1  determination.  As noted by Judge Wanger, this Court is not bound by *Trollinger v. Tyson Foods*,

2  and in any event, the ruling was made at summary judgment, not in the context of a motion to

3  strike an affirmative defense.

**CONCLUSION**

5    For the foregoing reasons, Plaintiff's motion to strike affirmative defenses is HEREBY

6  DENIED.

7

8  _____IT IS SO ORDERED.

9    **Dated:   August 30, 2007**   _____ **/s/ Dennis L. Beck**_____
                     UNITED STATES MAGISTRATE JUDGE