# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN BREWER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT SALYER,<br><br>Defendants. | 1:06cv1324 AWI DLB<br><br>ORDER DENYING PLAINTIFFS' MOTION TO COMPEL DEFENDANT TO SUBMIT NAMES TO SOCIAL SECURITY ADMINISTRATION<br><br>(Document 66) |

Plaintiff Robin Brewer ("plainitff"), individually and on behalf of all others similarly situated filed the instant motion to compel Salyer and/or non party SK Foods to submit the names and social security numbers of all hourly paid employees to the Social Security Administration (SSA)/Department of Homeland Security (DHS) for verification through the U.S. Government's Basic Pilot program (or current program) on October 3, 2007. The matter was heard on November 2, 2007, before the Honorable Dennis L. Beck, United States Magistrate Judge. Brian Maschler appeared on behalf of Defendant Scott Salyer ("Defendant"). Plaintiff submitted the motion without oral argument and because of a misunderstanding about his telephonic appearance, did not make an appearance at the hearing.

## BACKGROUND

Plaintiff filed the instant RICO class action against Defendant on September 21, 2006 on behalf of all legal U.S. citizens who worked as hourly paid employees at SK Foods during the last four years.  Plaintiff seeks back pay to compensate him for the amount he believes his wages were depressed as a result of Defendant hiring illegal immigrants at SK Foods.

Pursuant to the Scheduling Order, this case is bifurcated between issues relating to class certification and issues relating to the merits.  Discovery related to class certification closed on May 4, 2007.

On May 30, 2007, the Court granted plaintiff's motion to compel non-party SK Foods to produce: (1) documents related to the manner in which SK Foods sets wages; (2) documents related to the compilation of job categories; and (3) I-9 forms and supporting documents.  The Court ordered SK Foods to produce the documents within 20 days of a stipulated protective order.  On July 16 2007, the Court entered the Protective Order and the documents, including I-9 forms were produced in early August.

After reviewing the I-9 forms, plaintiff noticed that many of the documents did not have the citizen/alien boxes.  When plaintiff inquired, SK Foods indicated that the I-9 forms had not been altered.  Plaintiff therefore requested that Sayer and/or SK Foods submit all the names of hourly paid and piece rate workers to the SSA to determine whether the name matches the social security number provided for employment.  SK Foods refused to consent to the SSA Matching and the parties are unable to reach an agreement on this issue.  Plaintiff therefore brings the present motion to compel requesting that the SSA Matching be conducted though the Basic Pilot Program or other government program.

On October 3, 2007, the parties filed their joint statement regarding this issue.

Plaintiff argues that the matching procedures are relevant to class certification issues in that non-matches constitute constructive knowledge that an individual is not authorized to work in the U.S. and further many of the I-9's produced do not indicate the employees' work status. Plaintiff must demonstrate that he can identify the class members in this case (i.e., the legal workers).  Thus, the proposed SSA Matching will provide a workable method for determining class membership.

1  Plaintiff argues that a motion to compel discovery is the proper procedure because the
2 information plaintiff seeks is in the control of Salyer and/or SK Foods.  Plaintiff argues that
3 material which can be obtained from a request by a party is in that party's "control" for discovery
4 purposes.  *See Allen v. Woodford*, 2007 U.S. Dist.LEXIS 11026, *5 (E.D. Cal.2007).

5  Salyer and SK Foods argue that forcing a medium sized company, which has not elected
6 to participate in this voluntary DHS program, is not a type of discovery permitted or even
7 recognized under the Federal Rules.  Salyer points out that a party may not, under the auspices of
8 a discovery request, seek injunctive relief against a party or non-party.  *See Parents' Committee
9 of Public School 19 v. Community School Board of Community School Dist. No. 14 of New York*,
10 524 F.2d 1138 (2nd Cir. 1975),  Even if the Court could issue such an order, Salyer argues that the
11 "no match" letters go to the merits rather than class certification as found in *Hernandez v.
12 Balakian*.

## DISCUSSION

14  Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery
15 regarding any matter, not privileged, that is relevant to the claim or defense of any party,
16 including the existence, description, nature, custody, condition, and location of any books,
17 documents, or other tangible things and the identity and location of persons having knowledge of
18 any discoverable matter."

19  A party may serve on another party a request to produce and permit inspection, copying,
20 testing, etc., of relevant documents and tangible things; or to permit entry upon land for purpose
21 of inspecting an object or operation thereon.  Fed.R.Civ. P. 34.  A party may apply for an order
22 compelling discovery or disclosure where a party or deponent fails to respond to a request for
23 production or fails to permit inspection as requested.  Fed.R.Civ.P. 37.

24  Similarly, Rule 45 authorizes issuance of a subpoena commanding the person to whom it
25 is directed to attend and give testimony or to produce and permit inspection of designated records
26 or things.  Fed.R.Civ. P. 45(a).  Failure to comply with a subpoena without adequate excuse is a
27 contempt of court.  Fed.R.Civ.P. 45(e).

Plaintiff served a subpoena on SK Foods seeking production of all I-9 forms for its hourly employees. This Court ordered production of the I-9 forms and they were produced in August. The request now before the Court is unrelated to this discovery or the Court's Order. By way of a motion to compel pursuant to Rules 34, 37 and 45, plaintiff moves for an order compelling Salyer and/or SK Foods to submit the names and social security numbers of its hourly paid employees to the SSA. This request has not been made by way of discovery and is therefore beyond the scope of Rule 37. Moreover, as pointed out by Salyer and SK Foods, it is questionable whether the request is a method of discovery allowed under Rules 26, 34 or 45. While Salyer or SK Foods may have the legal right to obtain the matching data, plaintiff's request is more intrusive. Plaintiff seeks an order requiring participation in a government program that is otherwise voluntary for the purpose of authorizing a government agency to create new documents that do not presently exist. In the absence of compelling authority to the contrary, this Court is not prepared to interpret the discovery rules to provide for such relief.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **November 7, 2007**          /s/ **Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE