# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBIN BREWER, individually and on behalf of all others similarly situated, | ) | 1:06cv1324 AWI DLB |
| | ) | |
| | ) | ORDER RE DEFENDANT'S MOTION TO COMPEL |
| | ) | |
| Plaintiff, | ) | (Document 54) |
| v. | ) | |
| SCOTT SALYER, | ) | |
| | ) | |
| Defendants. | ) | |

Defendant Scott Salyer ("Salyer"), filed the instant discovery motion on July 26, 2007. The matter was heard on August 17, 2007, before the Honorable Dennis L. Beck, United States Magistrate Judge. Howard Foster appeared on behalf of Plaintiff and Brian Maschler appeared on behalf of plaintiff Robin Brewer, individually and on behalf of all other similarly situated ("Plaintiff").

## **BACKGROUND**

Plaintiff filed the instant RICO class action against Salyer on September 21, 2006 on behalf of all legal U.S. citizens who worked as hourly paid employees at SK Foods during the last four years. Plaintiff seeks back pay to compensate him for the amount he believes his wages were depressed as a result of Salyer hiring illegal immigrants at SK Foods.

On May 17, 2007, the Honorable District Judge Anthony W. Ishii granted Salyer's motion to dismiss in part and ordered plaintiff to file an amended complaint within 30 days. Salyer answered the amended complaint on June 19, 2007. Pursuant to the Scheduling Order,

1

this case is bifurcated between issues relating to class certification and issues relating to the merits of plaintiff's claims.  Discovery related to class certification closed on May 4, 2007.

Salyer propounded his first set of interrogatories and first Request for Production of Documents on March 30, 2007, requesting the factual basis for the contentions in the first amended complaint.  After an extension, Plaintiff responded to the discovery on May 14, 2007.  Salyer contends the responses are largely devoid of substantive content and filed the present motion on July 26, 2007.  The parties also filed their joint statement on July 26, 2007.

## **DISCUSSION**

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter."

In this case, the Scheduling Order issued January 9, 2007provides that discovery and motion practice shall be conducted in two Phases:

> Phase 1 (addressing issues germane to potential class certification) and Phase II (addressing remaining merits issues).  The Following schedule shall control Phase I.  A Scheduling Conference relating to Phase II shall be held before the undersigned on November 7, 2007 at 9:00 a.m. in Courtroom 9.
> The parties are ordered to exchange the initial disclosures required by Fed.R. Civ. P. 26(a)(1) on or before February 20, 2007.
> The parties are ordered to complete all discovery pertaining to non-experts on or before May 4, 2007 and all discovery pertaining to experts on or before June 22, 2007.
> The plaintiff is directed to disclose all Phase I expert witnesses, in writing, on or before May 17, 2007.  Defendant shall to disclose all Phase I experts on or before May 31, 2007.

January 9, 2007 Scheduling Order, p. 4: 24-26 - 5: 1-7.

**1.    Interrogatories**

The Interrogatories at issue in this motion are predominantly contention interrogatories related to the first amended complaint.  In addition to the arguments relating to specific responses, Salyer argues that Plaintiff has waived any objections that the discovery requests go to

2

the "merits" as opposed to class certification because Plaintiff did not assert the objections in his responses. In any event, defendant argues the discovery is relevant to class certification because it is designed to ferret out (1) whether there truly exists common issues of fact and/or law; and (2) whether Plaintiff can meet the "typicality" criterion of Rule 23.

Federal Rule 33(b)(1) requires that each interrogatory be responded to "separate and fully" by either answering or objecting. If an objection, the reasons for the objection must be stated. Any ground not stated in a timely objection is waived unless the failure is excused by the court for "good cause shown." Fed.R.Civ.Proc. 33(b)(4).

Here, plaintiff did not specifically object to the interrogatories as "merit" discovery. However, based on the Scheduling Order, discovery in Phase I of this litigation is limited to "issues germane to potential class certification." Class certification issues relate to the requirements of Rule 23, which include numerosity, commonalty, typicality, adequacy and manageability.

As discussed at the hearing, the Court finds that the following interrogatories in dispute go to the merits of this case rather than issues germane to potential class certification:

> **Interrogatory No. 7**: Identify any and all persons with whom Salyer "conspired" as alleged in Paragraph 4 of the Complaint.
>
> **Interrogatory No. 14**: State all facts upon which you base the contention that Salyer personally approved the "hiring criteria" alleged in Paragraph 15 of the Complaint.
>
> **Interrogatory No. 23:** Identify all communications between you and any person other than your counsel of record in this lawsuit, in which your employment at SK Foods was addressed or referred to.

These interrogatories relate to the substantive allegations in the complaint and therefore are outside the scope of Phase I Discovery. Defendants motion to compel further responses to these interrogatories is therefore denied.

The remaining interrogatories at issue, Interrogatory Numbers 5, 6, 9, 15, 16, 19, 20 and 21, are relevant to class certification. While they may also overlap to some extent with merits issues, Salyer is entitled to responses to these interrogatories which go to the criteria Plaintiff must establish under Rule 23. Plaintiff has failed to respond "separately and fully" to these

interrogatories and in many instances, Plaintiff improperly references other documents such as his declaration, his Rule 26 disclosures and an unprepared expert report. Accordingly, Salyer's motion to compel further responses to Interrogatories 5, 6, 9, 15, 16, 19, 20 and 21 is granted.

### 2. Documents Requests

Also at issue in this motion are Request For Production of Document Numbers 1, 2 and 4 though 7 propounded by Salyer on March 30, 2007.

The Court finds that Request Number 2, which seeks documents evidencing "SK Foods hiring practices with respect to unskilled and semi-skilled workers," goes to the merits of Plaintiff's claims and therefore is outside the scope of Phase I discovery.

The remaining requests are relevant to class certification and therefore Plaintiff must provide proper responses. While Plaintiff contends that he has either produced all responsive documents or has been unable to locate documents, his actual responses do not reflect this. In addition, in response to Request Numbers 1, 5, 6 and 7, Plaintiff again improperly refers to other documents. Salyer is entitled to separate and complete responses to each request. In the event that Plaintiff is unable to comply with a request because responsive documents either do not exist or are not in his possession, he must specifically so state, without reference to other documents.

### ORDER

Based on the foregoing, Salyer's motion to compel further responses to Interrogatories and Request for Production of Documents served March 30, 2007 is HEREBY GRANTED IN PART. Plaintiff shall provide further response to Interrogatories 5, 6, 9, 15, 16, 19, 20 and 21 and Request for Production of Document Numbers 1 and 4 through 7 as discussed in this Order. Said responses shall be provided within 20 days of this Order.

IT IS SO ORDERED.

Dated:   **January 24, 2008**          /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE