**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBIN BREWER, | CV F 06-1324 AWI DLB |
|     Plaintiff, | ORDER ON PLAINTIFF'S MOTION TO MODIFY THE CLASS DEFINITION |
| v. | |
| SCOTT SALYER | Doc. # 108 |
|     Defendant. | |

       In this action for damages, the court issued a memorandum opinion and order on May 18, 2009, (the "May 19 Order") granting plaintiff Robin Brewer's ("Plaintiff's") motion for class certification. The May 19 Order provisionally modified the originally proposed class definition to include "all seasonal hourly wage earners employed by SK Foods between June 1, 2003 and June 1, 2007." Doc. # 101 at 18:18-20. The court granted leave for the parties to stipulate to a different class description or to move for modification of the class description. On May 22, 2009, Plaintiff moved to amend the class description to include those persons "who have been employed by SK Foods, LP as seasonal hourly workers from September 22, 2002, through May 15, 2009." Defendant Scott Salyer ("Defendant") filed an opposition to the request for modification on June 8, 2009. Plaintiff filed a reply on June 12, 2009.

       Plaintiff's motion to modify the class definition seeks to modify only the dates of inclusion set forth in the provisional definition in the court's May 19 Order. Whereas the court's definition included persons who were employed by SK Foods within the 4-year time

limit counting backward from the date of filing of the FAC, Plaintiff seeks to incorporate as potential class plaintiffs all seasonal hourly wage employees who were employed by SK Foods within the 4-year time limit counting backward from the date of filing the original complaint and extending to the date of filing of the FAC.  Plaintiff's request to modify the class definition implicates two issues.  First, does the filing of the original complaint toll the statute of limitations with respect to those potential plaintiffs that fit the class definition and whose claims accrued within the relevant statute of limitations at the time the original complaint was filed but whose claims would be time-barred if the statute were to be calculated from the date of filing of an amended complaint?  Second, may the number of potential class plaintiffs be expanded by enlarging the time period from the date of filing of the original complaint to the date of filing of an amended complaint?

Defendant, in his opposition, "reserves the right to later contest [Plaintiff's] proposed class definition on the ground that the substantive changes made by the [FAC] do not arise out of the same conduct, transaction, or occurrence alleged in the initial complaint, and thus do not 'relate back' to the date the initial complaint was filed." Doc. # 106 at 3 n.3.  While it might be debated whether Defendant's reservation of rights as to relation back has any relevance to the issues raised by Plaintiff's request, Defendant does not directly address either of the questions listed above.  Rather, Defendants' opposition is centered on the ability of the named Plaintiff to adequately represent the interests of the proposed class across all job descriptions and across the entire 4-plus year period of time Plaintiff seeks to incorporate in this action.  Defendant's central contention is that the proposed plaintiff class should be modified to include only those persons that were employed by SK Foods as seasonal hourly workers during the time period that the named plaintiff was employed; that is from June 18, 2004, to September 12, 2004.

Defendant's opposition is essentially a restatement of his contentions with regard to the ability of the named Plaintiff to fulfil the "typicality" requirement of Rule 23(a) of the

2

Federal Rules of Civil Procedure. To recap the court's conclusion with regard to named plaintiff, Brewer and the typicality requirement, the court concluded that there are two issues that Plaintiffs will be required to show in the course of proving Brewer's claims that, if proven, will significantly advance the claims of all potential plaintiffs. First, Plaintiffs will be required to show the existence of the alleged illegal hiring scheme that comprises the predicate act for purposed of the RICO allegation, and second Plaintiffs will be required to show that the hiring of illegal aliens had a depressive effect on wages earned by lawful workers that is susceptible of reliable quantification with respect to each claimant.

The court realizes that Plaintiff will need to prove the continuing nature of the predicate RICO offense over the entire four-year time-period and the court also recognizes that the determination of damages with respect to each individual member of the plaintiff class will be individualized depending on the job description and the period of time in question. However, in its May 18 Order, the court determined that, consistent with the rulings of other district courts in similar cases, the named Plaintiff in this case adequately represents the interests of all members of the proposed plaintiff class because the two issues that must necessarily be litigated with regard to the named Plaintiff will greatly advance the resolution of claims by all proposed class members. See Doc 101 at 11:20 - 14:23 (discussing named Plaintiff's ability to fill Rule 23(a)'s typicality requirement). The court is not persuaded by Defendant's opposition to Plaintiff's proposed modification of the class definition that restriction of the class definition in the manner proposed by Defendant is appropriate. The court sees no reason to change its prior determination with respect to the ability of Brewer to adequately represent the class at this point in the proceedings. The court will therefore proceed to discuss the issues of tolling and addition of potential plaintiffs to this action.

**I. Tolling of the Statute of Limitations**

The statutes providing for civil claims under RICO provide no statute of limitations;

3

rather, the limitation period has been judicially provided by the Supreme Court. "In Agency Holding Corp. v. Malley-Duff & Associates, Inc., 483 U.S. 143, 156 (1987), [the Supreme] Court held that civil RICO actions are subject to the 4-year limitations period contained in § 4B of the Clayton Act (Antitrust), as added by 69 Stat. 283, and as amended, 15 U.S.C. § 15b - the statute of limitations that governs private civil antitrust actions seeking treble damages." Klehr v. A.O. Smith Corp., 521 U.S. 179, 183 (1997). Thus, this court concludes 4 years is the limitations period that is to be applied to Plaintiff's civil claims under RICO.

"'[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action.' [Citation.] Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied." Crown Cork & Seal Co. v. Parker, 462 U.S. 345, 353-354 (1983) (quoting American Pipe & Constr. Co., 414 U.S. 538, 554 (1974)). The original class action complaint was filed in this action on September 21, 2006. Since the FAC added no class members to the number that were included as class members under the definition in the original complaint, the statute of limitations is tolled as to all class members as of the filing of the original complaint. Thus employees of SK Foods who were employed between September 22, 2002 and June 1, 2003, who otherwise fall within the class definition are not barred by the statute of limitations from their participation in the class action.

It should be noted that the doctrine in operation here is equitable tolling, not relation back. See In re: Syntex Corp. Securities Litigation, 95 F.3d 922, 935 (9 Cir. 1996) (considering relation back as separate and distinct from considerations of equitable tolling). Because the proposed modification of the class definition adds no potential plaintiffs from the time between the filing of the original complaint and the filing of the FAC, it is not necessary to relate back the date of filing with respect to any of the new potential plaintiffs.

**II. Addition of Potential Plaintiffs**

Functionally, Plaintiff's request to modify the class definition must be construed as a motion to further amend the complaint. See Berlowitz v. Nob Hill Masonic Management, Inc., 1996 WL 724776, at *2 (N.D.Cal. Dec.6, 1996) (rejecting plaintiff's attempt to seek certification of a class different from that alleged in the complaint; stating that the court was "bound by the class definition provided in the complaint" and that it would "not consider certification of the class beyond the definition provided in the complaint unless plaintiffs choose to *amend* it" ) (emphasis added).  "A plaintiff may usually amend his complaint under Rule 15(c) to change the theory or statute under which recovery is sought; or to correct a misnomer of plaintiff where the proper party plaintiff is in court; or to change the capacity in which the plaintiff sues; or to substitute or add as plaintiff the real party interest; or to add additional plaintiffs where the action, as originally brought, was a class action." Worthington v. Wilson, 8 F.3d 1253, 1256 (7th Cir. 1993).  Under Federal Rule of Civil Procedure 15(a)(2), a court "should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a)(2). " 'Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment.' " Ditto v. McCurdy, 510 F.3d 1070, 1079 (9th Cir.2007).

There is neither the appearance or allegation of bad faith or undue delay in Plaintiff's request to modify the class definition.  Futility of amendment does not apply at this point because there has been no substantive challenge to the legal pressure points in Plaintiff's action up to this point; that is, there has been no motion challenging the sufficiency of proof of Plaintiff's claims of RICO predicate acts or of Plaintiff's theory of damages.  Since the court has only held that Plaintiff has adequately alleged the existence of facts sufficient to justify class certification, further modification of the class to include potential plaintiff who are not dissimilar to the originally proposed class members cannot be considered futile.

Likewise, there appears to be no prejudice that would arise from the addition of class

members who were employed between the filing of the original complaint and the first amended complaint.  Defendant has been on notice since the filing of the original complaint of the category of wrongs alleged with respect to the hiring practices of SK Foods and is in control of the continuation of any practices that could possibly give rise to claims by employees added since the filing of the original complaint.  The court also finds that the court's interest in the efficient administration of justice is best served by allowing the threshold issues of proof of the alleged RICO predicate acts and causation of damages to be litigated in a single proceeding.  Based on these considerations, the court concludes that further amendment of the complaint to modify the class definition to include employees of SK Food whose claims would have accrued after the filing of the original complaint but before the filing of the amended complaint should be permitted.

        Given that the court must construe Plaintiff's request for modification of the class description as a motion to further amend the complaint, the court wishes to avoid the possibility that the grant of leave to amend the FAC to extend the cut-off dates to the filing date of the FAC will give rise to successor motion to further modify the class definition to extend the class definition to the filing date of the second amended complaint, and so on.  To avoid the unattractive possibility of successive motions to modify class definitions chasing successive amendments of the complaint, the court will simply grant leave to file a second amended complaint that redefines the plaintiff class to include potential plaintiffs who were employed by SK Foods as seasonal hourly workers up to the date of the filing of the second amended complaint.

        THEREFORE, Plaintiff's motion to further amend the complaint to expand the class definition to include all hourly seasonal workers employed by SK Foods from September 22, 2002, to the date of filing a second amended complaint is hereby GRANTED.  Such second amended complaint shall be filed and served not later than fourteen (14) days from the date of

6

1 | service of this order.

3 | IT IS SO ORDERED.

4 | **Dated:   July 7, 2009**                                   **/s/ Anthony W. Ishii**
                                                              CHIEF UNITED STATES DISTRICT JUDGE