# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBIN BREWER, | ) | 1:06cv1324 AWI DLB |
| | ) | |
| | ) | ORDER DENYING PLAINTIFFS' MOTION |
| Plaintiff, | ) | TO COMPEL DEFENDANT'S DEPOSITION |
| | ) | WITHOUT PREJUDICE |
| v. | ) | (Document 132) |
| | ) | |
| | ) | ORDER GRANTING DEFENDANT'S |
| SCOTT SALYER, | ) | MOTION TO STAY DISCOVERY IN PART |
| | ) | (Document 134) |
| | ) | |
| Defendant. | ) | |

On November 12, 2009, Plaintiff Robin Brewer, on behalf of himself and all others similarly situated ("Plaintiff"), filed the instant motion to compel the deposition of Defendant Scott Salyer ("Defendant"). On November 13, 2009, Defendant filed a motion to stay the action, or in the alternative, to stay discovery. Both motions were heard on January 8, 2010, before the Honorable Dennis L. Beck, United States Magistrate Judge. Howard Foster and Matthew Galin appeared on behalf of Plaintiffs. James Mayo and Malcolm Segal appeared on behalf of Defendant.

1

## BACKGROUND

On September 26, 2006, Plaintiffs filed this class action against Defendant, President of non-party SK Foods.[1] Plaintiffs' complaint is based on allegations that Defendant knowingly hired illegal immigrants at SK Foods for the purpose of depressing wage rates.

Plaintiffs filed an amended complaint on June 1, 2007, alleging that the Illegal Immigrant Hiring Scheme violates RICO, 18 U.S.C. § 1961, et seq. Plaintiffs further allege that Defendant personally approved the Scheme that his co-conspirators implemented. They allege that the conspiracy to perpetrate the Scheme is a violation of 18 U.S.C. § 1962(d) and that it will not stop without judicial intervention. Plaintiffs seek judgment in an amount equal to three times the damage caused by Defendant's racketeering activity/Scheme, pursuant to 18 U.S.C. § 1964(c), as well as attorneys' fees and costs.

On May 18, 2009, the Court granted Plaintiffs' motion for class certification and defined the class as "All Seasonal Hourly Wage Earners employed by SK Foods between June 1, 2003, and June 1, 2008." The Court subsequently granted Plaintiffs' motion to expand the class to "include all seasonal workers employed by SK Foods from September 22, 2002, to the date of filing a second amended complaint." Plaintiffs' Second Amended Complaint reflecting the expanded class was filed on July 21, 2009.

Defendant filed his answer on July 29, 2009. Discovery has been bifurcated between issues related to the class and issues related to merits discovery.

On November 12, 2009, Plaintiffs filed the instant motion to compel Defendant's deposition and overrule his Fifth Amendment objections.

On November 13, 2009, Defendant filed a motion to stay the action, or in the alternative, stay discovery.

---

[1] SK Foods filed for Chapter 11 bankruptcy in the Eastern District of California, Sacramento Division, on May 7, 2009. On November 23, 2009, in connection with Plaintiffs' motion to compel the Bankruptcy Trustee to comply with their third subpoena, Plaintiffs informed the Court of the bankruptcy proceedings. The Bankruptcy Court denied Defendant's motion to remove the Trustee and disqualify Trustee's counsel, and granted in part the Trustee's counter-motion seeking authority to review documents in his possession. Defendant appealed the decision to the District Court, which issued a December 24, 2009, decision staying the order pending appeal.

**DISCUSSION**

According to Defendant, he is the principal target of a Grand Jury-based criminal investigation in this District based in part on his role as the sole owner, through a corporation and trust, and as the President, CEO and Manager of SK Foods. The investigation, which became public in April 2008, began with the issuance of wiretaps and included the issuance of search warrants of Defendant's home and various offices of SK Foods. The investigation is ongoing and indictments issued against managerial employees allege that a senior officer of the company is a co-conspirator. Defendant has been recently added to a consolidated class action in the Eastern District and is a defendant in a separate RICO complaint alleging that he supervised and led the company as a RICO enterprise.

The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings. Keating v. Office of Thrift Supervision, 45 F.3d 322 (9th Cir. 1995); Federal Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir.1989). "In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence." Keating, 45 F.3d at 324 (citing Securities & Exchange Comm'n v. Dresser Indus., 628 F.2d 1368, 1374 (D.C.Cir. 1980). "Nevertheless, a court may decide in its discretion to stay civil proceedings ... 'when the interests of justice seem [ ] to require such action.'" Id.

The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made "in light of the particular circumstances and competing interests involved in the case." Keating (citing Molinaro, 889 F.2d at 902). This means the decision maker should consider "the extent to which the defendant's fifth amendment rights are implicated." Id. In addition, the decision maker should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil

1  litigation; and (5) the interest of the public in the pending civil and criminal litigation. Id. at
2  324-325.
3       During the hearing, the Court discussed with the parties the possibility of Plaintiffs
4  proceeding with additional, specific interrogatories to obtain the information needed to proceed
5  with this action. Plaintiffs agreed that interrogatories were an option and Defendant agreed to
6  review proposed questions. Additional interrogatories would allow Plaintiffs to proceed with
7  discovery and continue moving this action forward, while at the same time protecting Defendant's
8  Fifth Amendment rights.
9       The Court therefore declines to stay either the entire action or all discovery. Instead, and
10 in light of the fact that additional time may provide a resolution to the criminal investigation, the
11 Court will STAY discovery with respect to Defendant's deposition until May 21, 2010.[2] This stay
12 does not prohibit Plaintiffs from propounding interrogatories on Defendant or gathering
13 information from other sources. If Plaintiffs believe that the stay should be lifted prior to May 21,
14 2010, it may move this Court for such relief.
15      Accordingly, the Court GRANTS Defendant's motion to stay IN PART and stays
16 discovery with respect to Defendant's deposition until May 21, 2010. Plaintiffs' related motion to
17 compel Defendant's deposition is therefore DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

   Dated:   **January 8, 2010**              **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE

---

[2] Defendant indicated at the hearing that the co-conspirators who have been charged are scheduled to be sentenced on May 5, 2010.