# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBIN BREWER, | ) | 1:06cv1324 AWI DLB |
| | ) | |
| Plaintiff, | ) | ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL NON-PARTY TRUSTEE TO COMPLY WITH SUBPOENA |
| v. | ) | (Document 149) |
| SCOTT SALYER, | ) | |
| Defendant. | ) | |

On January 22, 2010, Plaintiff Robin Brewer, on behalf of himself and all others similarly situated ("Plaintiff"), filed the instant motion to compel non-party Trustee of SK Foods, Inc., to comply with a third party subpoena. The matter was heard on February 19, 2010, before the Honorable Dennis L. Beck, United States Magistrate Judge. Howard Foster and Matthew Galin appeared on behalf of Plaintiff. Gregory Nuti appeared on behalf of Trustee Bradley Sharp. James Mayo appeared on behalf of Defendant Scott Salyer ("Defendant").

## **BACKGROUND**

Plaintiff filed the instant renewed motion to compel non-party Trustee of SK Foods, Inc., to comply with their third subpoena on January 22, 2010.

1

The parties filed separate discovery statements on February 16, 2010.[1]

This dispute arises from Plaintiff's third subpoena to non-party SK Foods' Chapter 11 Trustee, Bradley Sharp, issued on May 27, 2009.[2] The subpoena requested information related to merits discovery, such as wage data, employment applications, employee lists, I-9 forms, hiring procedures and certain electronic data (examination of Defendant's hard drive). Documents were to be produced by July 6, 2009.

The Trustee did not respond to the subpoena because of issues related to the bankruptcy proceedings. Plaintiff brought his first motion to compel on August 25, 2009. On October 2, 2009, the Court denied the motion as premature pending the Bankruptcy Court's ruling on the Trustee's motion regarding his authority to review documents in his possession. The Bankruptcy Court granted the Trustee's motion and Defendant appealed the ruling to the District Court in Sacramento. On December 24, 2009, the Court issued a temporary stay of the Bankruptcy Court's ruling pending resolution of the appeal.

According to the Trustee, the appeals have been fully briefed and were taken under submission on January 27, 2010.

**DISCUSSION**

As discussed at the hearing, it appears that the discovery most critical to Plaintiff at this stage of the litigation is the list of employees who worked at SK Foods, Inc., during the time specified in First Amended Complaint. This list would also include the employee's address and classification, as well as the dates employed at SK Foods, Inc.

The Trustee agreed to produce this information provided that the parties stipulate that, as to this limited production, (1) the attorney client privilege, in so far as the privilege may be applicable to this information, shall not be waived; and (2) Defendant will not accuse the Trustee

---

[1] The parties are reminded that new Local Rule 251 requires the Joint Statement to be filed at least seven days prior to the scheduled hearing.

[2] SK Foods filed for Chapter 11 bankruptcy in the Eastern District of California, Sacramento Division, on May 7, 2009.

2

1 | of any wrongdoing.  The parties indicated that they would attempt to construct a stipulation to
2 | address these concerns.

Plaintiff agreed to provide the parties with a specific description of the time period and employee classification for which they are seeking information.  Once a stipulation has been reached, the Trustee agreed to contact SK Foods, Inc., employees to discern whether an employee list can be retrieved and what would be involved in the retrieval process.

If the parties are unable to reach an agreement, the Court SETS a further telephonic conference for March 1, 2010, at 12:00 p.m.

Insofar as Plaintiff requests that the Trustee be compelled to search a specific box of documents, the request is DENIED pending the resolution of the bankruptcy appeal.


IT IS SO ORDERED.

Dated:    **February 22, 2010**            /s/ Dennis L. Beck
                                                              UNITED STATES MAGISTRATE JUDGE