# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN BREWER,<br><br>                Plaintiff,<br><br>   v.<br><br>SCOTT SALYER,<br><br>                Defendant. | 1:06cv1324 AWI DLB<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO APPROVE PLAN FOR CLASS NOTICE<br><br>(Document 161) |

On March 12, 2010, Plaintiff Robin Brewer, on behalf of himself and all others similarly situated ("Plaintiff"), filed the instant motion to approve the plan for class notice. The motion was heard on April 16, 2010, before the Honorable Dennis L. Beck, United States Magistrate Judge. Howard Foster and Matthew Galin appeared on behalf of Plaintiffs. James Mayo and Malcolm Segal appeared on behalf of Defendant Scott Salyer ("Defendant").

## **BACKGROUND**

This is a RICO class action brought against Defendant based on allegations that he knowingly hired illegal immigrants at SK Foods for the purpose of depressing wage rates. The case is brought by Plaintiff, on behalf of all legal U.S. citizens who worked as hourly paid employees at SK Foods during the specified time period.

1    On May 18, 2009, the Court granted Plaintiff's motion for class certification under Rule
2 23(b)(3) and certified the class of "all seasonal hourly wage earners employed by SK Foods
3 between June 1, 2003, and June 1, 2007." On July 8, 2009, the Court granted Plaintiff's motion
4 to modify the class definition. Plaintiff was granted leave to file a second amended complaint
5 that redefined the class to include potential plaintiffs who were employed by SK Foods as
6 seasonal hourly workers up to the date of filing of the second amended complaint.

7    Plaintiff filed the second amended complaint on July 21, 2009, and expanded the class to
8 seasonal hourly wage earners employed by SK Foods between September 22, 2002, through July
9 21, 2009.

10    Plaintiff filed the instant motion to approve his plan for class notice on March 12, 2010.
11 No opposition was filed.

## **DISCUSSION**

13    Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), for classes certified under Rule
14 23(b)(3), the Court must direct to class members "the best notice practicable under the
15 circumstances, including individual notice to all members who can be identified through
16 reasonable effort." The notice must "clearly and concisely state in plain, easily understood
17 language," (1) the nature of the action; (2) the definition of the class certified; (3) the class
18 claims, issues or defenses; (4) that a class member may enter an appearance through an attorney
19 if the member so desires; (5) that the court will exclude from the class any member who requests
20 exclusion; (6) the time and manner for requesting exclusion; and (7) the binding effect of a class
21 judgment on members under Rule 23(c)(3).

22    Plaintiff proposes to send the Notice, attached as Exhibit A, via first class mail, to the last
23 known addresses of all SK Foods' former workers. Although Plaintiff concedes that this is over-
24 inclusive, he argues that this is the best practicable notice under the circumstances because the
25 Trustee provided a comprehensive list of 4000 former and current workers. The list was not
26 limited to seasonal, hourly paid workers. The Trustee represented that this was the "most
27 accurate and practicable list available to him under the circumstances that would satisfy the
28 Court's order and Plaintiff's request." Motion, at 3.

In order to identify class members from the over-inclusive list, Plaintiff requests that the responding employee provide: (1) indication of whether the recipient of the Notice was a seasonal hourly paid worker at SK Foods; (2) if so, during what years; and (3) proof that the individual was authorized to work in the United States. The recipient will need to attest to these facts under penalty of perjury. Individuals who do not meet the class definition will be sent notification of their tentative exclusion and will have the opportunity to present additional evidence, as requested by Class Counsel.

The Court has reviewed the Notice and finds that it is sufficient in all but one respect. The Notice must make it clear that only employees who are able and willing to demonstrate that they were authorized to work in the United States during the period at issue, and who otherwise wish to be part of the class, need to return the Class Action Participation Form. **The Notice must also clearly state, in bold, capitalized letters, that those employees who were not authorized to work in the United States during the period at issue should not return the Form.**

Plaintiff's motion is therefore GRANTED, subject to the above modification.

IT IS SO ORDERED.

Dated:   April 16, 2010              /s/ Dennis L. Beck
                                     UNITED STATES MAGISTRATE JUDGE