# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBIN BREWER, | ) | 1:06cv1324 AWI DLB |
| | ) | |
| | ) | ORDER GRANTING DEFENDANT'S |
| Plaintiff, | ) | MOTION TO STAY DISCOVERY |
| | ) | (Document 167) |
| v. | ) | |
| | ) | ORDER DENYING PLAINTIFF'S MOTION |
| | ) | TO COMPEL WITHOUT PREJUDICE |
| SCOTT SALYER, | ) | (Document 165) |
| | ) | |
| Defendant. | ) | |

On March 19, 2010, Plaintiff Robin Brewer, on behalf of himself and all others similarly situated ("Plaintiff"), filed the instant motion to compel Defendant Scott Salyer ("Defendant") to provide responses to Plaintiff's discovery requests. Defendant filed a motion to stay discovery on March 22, 2010. Both motions were heard on April 16, 2010, before the Honorable Dennis L. Beck, United States Magistrate Judge. Howard Foster and Matthew Galin appeared on behalf of Plaintiff. James Mayo and Malcolm Segal appeared on behalf of Defendant.

## DISCUSSION

The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings. Keating v. Office of Thrift Supervision, 45 F.3d 322 (9th Cir. 1995); Federal Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir.1989). "In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel

[civil and criminal] proceedings are unobjectionable under our jurisprudence." Keating, 45 F.3d at 324 (citing Securities & Exchange Comm'n v. Dresser Indus., 628 F.2d 1368, 1374 (D.C.Cir. 1980). "Nevertheless, a court may decide in its discretion to stay civil proceedings ... 'when the interests of justice seem [ ] to require such action.'" Id.

The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made "in light of the particular circumstances and competing interests involved in the case." Keating (citing Molinaro, 889 F.2d at 902).  This means the decision maker should consider "the extent to which the defendant's fifth amendment rights are implicated." Id.  In addition, the decision maker should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.  Id. at 324-325.

Defendant brought a prior motion to stay discovery in November 2009 based on the possibility of facing criminal charges.  On January 11, 2010, the Court denied Plaintiff's related motion to compel Defendant's deposition without prejudice and granted the motion to stay in part.  The Court found that Plaintiff could proceed with "specific interrogatories to obtain the information needed to proceed" with the action, while at the same time protecting Defendant's Fifth Amendment rights.  The Court stayed discovery with respect to Defendant's deposition until May 21, 2010.

The instant round of motions is brought under different circumstances.  An indictment has now been filed against Defendant and he is incarcerated.  The indictment identifies SK Foods, L.P., as the RICO enterprise and specifically identifies Defendant, "who was an owner of, and served as Chief Executive Officer of SK Foods," as "SK Foods' primary leader and decision maker, giving direction to and receiving regular reports regarding all manner of SK Foods'

1 business from SK Foods' leadership and employees." See Exhibit A, attached to Joint
2 Statement.
3    In support of his motion to stay discovery, Defendant contends that he has limited time to
4 meet with his attorney, and that his time and resources are devoted solely to defending the
5 criminal action. He argues that allowing discovery to proceed during the pendency of the
6 criminal action would penalize him for the fact that he remains incarcerated without bail and
7 force him to chose between defending against the civil action or preserving his Fifth Amendment
8 privilege.
9    At the hearing, Defendant explained that he was moving to stay *all* discovery not only
10 because of his incarceration, but also because key witnesses will likely be unavailable for
11 depositions based on plea agreements and/or their involvement in related criminal proceedings.
12 Defendant also points out that the Bankruptcy Trustee has been unable, or unwilling, to provide
13 documents based on the pending appeal of Defendant's motion to disqualify the Trustee.
14    The Court finds that the circumstances have changed sufficiently to warrant a stay of
15 discovery. Defendant now faces numerous impediments to discovery that will prohibit this case
16 from moving forward in a meaningful manner.
17    The Court therefore GRANTS Defendant's motion to stay discovery. All formal
18 discovery SHALL BE STAYED for six months from the date of this order.
19    To the extent that the parties believe that certain discovery should proceed, the parties
20 may stipulate to exceptions to the stay. If the parties cannot reach an agreement, they may apply
21 to this Court on a case to case basis. The parties may also motion the Court to lift the stay prior
22 to the expiration, if necessary.
23    Having stayed discovery, the Court DENIES Plaintiff's motion to compel WITHOUT
24 PREJUDICE.
25    IT IS SO ORDERED.
26    **Dated:   April 16, 2010**              **/s/ Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE
27
28