MALCOLM S. SEGAL - 075481
JAMES P. MAYO - 169897
**SEGAL & KIRBY LLP**
400 Capitol Mall, Suite 1600
Sacramento, CA  95814
Telephone: (916) 441-0828
Facsimile: (916) 441-0886

Attorneys for Defendant
SCOTT SALYER

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| ROBIN BREWER, | CASE NO: 1:06-CV-01324-AWI-SAB |
| Plaintiff, | **DEFENDANT SCOTT SALYER'S SUPPLEMENT TO STATUS CONFERENCE STATEMENT** |
| v. | |
| SCOTT SALYER, | |
| Defendant. | Date:  April 10, 2013<br>Time:  9:30 a.m.<br>Judge: Magistrate Judge Stanley A. Boone |

Defendant Scott Salyer submits the following Supplement to Status Conference Statement in connection with the Status Conference set for April 10, 2013.[1]  Counsel for Defendant will attend the status conference by telephone.

**A.     Overview**

Plaintiff and class representative Brewer was a former seasonal, hourly-paid employee of non-party SK Foods, LP, a San Joaquin Valley-based grower and

---

[1] The Defendant expected to participate in a "Joint" Status Conference Statement but Plaintiffs' counsel set a premature and arbitrary deadline for his portion of the Statement and then filed without first checking to see if Mr. Salyer wished to provide a Statement.   Defendant would be pleased to merge the two documents if it will assist the Court.

processor of tomato products whose offices were located in Lemoore, California.[2] Brewer apparently worked as a dice-filler operator for a single season, from June 18 to September 12, 2004.

Brewer's class action RICO claim is founded upon alleged violations of the Immigration and National Act (INA), 8 U.S.C. § 1324, *et seq.*. He argues that "if [SK Foods] were not hiring large numbers of illegal immigrants, the Company would have to pay the Plaintiff Class significantly higher wages." *Id.* at ¶14. There is simply no factual basis for this lawsuit and Mr. Salyer has no resources with which to satisfy a judgment, even were the Plaintiffs to obtain one.

### B. Position of Defendant

The Defendant filed an Answer to the Second Amended Complaint denying Plaintiffs' allegations and requesting a jury trial. As Plaintiffs are well aware, on February 12, 2013, the Defendant was sentenced to a term of imprisonment of 72 months pursuant to the terms of a plea agreement – *United States v. Frederick Scott Salyer*, EDCA Case No. 10-CR-00061 LKK. He is scheduled to surrender to the custody of the Bureau of Prisons on April 9, 2013, to begin serving his sentence at Lompac Prison Camp.

In connection with the sentencing process, Judge Karlton specifically found that the Defendant had no present financial resources to make restitution to the alleged victims of the crimes and thus declined to order restitution. On March 13, 2013, Judge Karlton noted: "There is no money to be had." Judge Karlton felt so strongly about the lack of resources and the utter waste of judicial time in even discussing the matter, he denied the alleged victims a hearing to even present their claims under the Mandatory Victims Restitution Act (MVRA). Upon application of one of the alleged victims Morning Star Packing Company to the Ninth Circuit for a

---

[2] SK Foods LP and a related debtor, RHM Industrial/Speciality Foods, Inc., filed for Chapter 11 bankruptcy on May 7, 2009 – E.D.Cal. Bankr. Nos. 09-29162-D-11 and 09-29161-D-11. Those proceedings are still pending but the plant has been sold.

Writ of Mandamus (Case No. 13-71048), the Ninth Circuit ruled on March 29, 2013 that Judge Karlton had to provide a hearing under the MVRA even where he believed there were no funds available for restitution. (The Ninth Circuit had received Mr. Salyer's Pre-Sentence Report under seal, including the financial information available to Judge Karlton upon which he had based his conclusion that Mr. Salyer had no financial resources.)  As the result of the ruling, with which Judge Karlton stated he disagreed but would follow, Judge Karlton referred the matter to Magistrate Judge Dale Drozd for his consideration and to make findings and recommendations to the Court.

Plaintiffs' counsel has been informed on many occasions that Mr. Salyer has no money or other financial resources with which to settle this case --  none.  The Defendant will be in prison for at least the next five years.  He will likewise be unable to respond to discovery since all of the pertinent documents are in the hands of the bankruptcy trustee, and he will say so in response to written discovery should discovery be propounded on him while he is incarcerated.  The Bureau of Prisons may or may not permit that response or his deposition.  Plaintiffs' counsel has been repeatedly told that their efforts and this Court's time are being wasted in this case, but they nonetheless have persisted in pursuing it.

### C.     Possibility of Settlement

There are no financial resources to potentially settle this case, nor are there any reasonable future expectations that the Defendant will come into such money.

### D.     Status of Matters Before the Court, Including Discovery

The stay with respect to discovery against Mr. Salyer personally is still in place.  Even assuming the stay were lifted now that Mr. Salyer has been sentenced in the criminal case, any discovery personally directed to Mr. Salyer would not be productive, except to garner a denial, because all of the pertinent  documents are in the hands of the bankruptcy trustee and he will be unable to review them at Lompac.

///

1 | Dated: April 3, 2013.

Respectfully submitted,

**SEGAL & KIRBY LLP**

By: /s/ James P. Mayo
    MALCOLM S. SEGAL
    JAMES P. MAYO
    Attorneys for Defendant
    SCOTT SALYER