UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN BREWER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT SALYER,<br><br>　　　　　Defendant. | No. 1:06-cv-01324-DAD-MJS<br><br><u>ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND DISMISSAL OF CLASS CLAIMS</u><br><br>(Doc. No. 225) |

This matter is before the court on April 18, 2017, for hearing of plaintiff's unopposed motion for preliminary approval of class action settlement and dismissal of class claims. (Doc. No. 225.) Attorney Matthew Galin appeared telephonically on behalf of plaintiff Robin Brewer, and attorney Malcolm Segal appeared telephonically on behalf of defendant Scott Salyer. Oral argument was heard and the motion was taken under submission. For the reasons stated below, plaintiff's motion will be granted.

/////

/////

/////

1

# FACTUAL BACKGROUND

On September 21, 2006, plaintiff Robin Brewer filed a class action complaint against defendant, president of a non-party company, SK Foods. (Doc. No. 1.) Plaintiff's complaint is based on allegations that defendant knowingly hired undocumented immigrants at SK Foods for the purpose of depressing wage rates.

Plaintiff filed a first amended complaint ("FAC") on June 1, 2007. (Doc. No. 38.) In the FAC, plaintiff alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, based on the predicate offense of violating the Immigration and Nationality Act ("INA"). (*Id.*) The specific INA violation plaintiff alleged involved 8 U.S.C. § 1324(a)(3), which prohibits importing undocumented aliens for employment purposes.

On May 18, 2009, the court granted plaintiff's motion for class certification. (Doc. No. 101.) In granting the plaintiff's motion, the court certified a class of "All Seasonal Hourly Wage Earners employed by SK Foods between June 1, 2003, and June 1, 2008." (*Id.* at 18.) The court subsequently granted plaintiff's motion to expand the class to include all seasonal workers employed by SK Foods from September 22, 2002, to the date of filing a second amended complaint." (Doc. No. 112.) Plaintiff's Second Amended Complaint ("SAC") reflecting the expanded class was filed on July 21, 2009. (Doc. No. 113.)

In 2009, defendant Salyer was charged by way of indictment in a federal criminal prosecution. (Doc. No. 173 at 2–3; 185.) During this same period, SK Foods went into involuntary bankruptcy, with Bradley Sharp appointed as Trustee. (*Id.*) Because of the extensive litigation surrounding the bankruptcy and the criminal proceedings brought against Salyer, the court stayed discovery in this action. (*Id.*)

Defendant entered a guilty plea in the criminal case in March 2012 and was incarcerated between April 2013 and November 2016. (Doc. No. 210 at 3.)[1] On January 20, 2017, the court lifted the discovery stay in this action, and required the parties to file a motion for settlement, voluntary dismissal, or compromise within sixty days of the date of that order. (Doc. No. 224.)

---

[1] On December 4, 2015, this case was reassigned to the undersigned. (Doc. No. 214.)

On March 14, 2017, plaintiff filed the instant unopposed motion for preliminary approval of class action settlement and dismissal of claims. (Doc. No. 225.) Under the proposed settlement agreement, the class will dismiss all claims without prejudice, with each side to bear its own costs. (Doc. No. 226 at 5.) Plaintiff now seeks an order (i) approving the class settlement agreement; (ii) approving the form and method of service, and directing that class notice be sent to proposed class members; and (iii) setting a hearing date on final settlement approval. (*Id.* at 9.)

## LEGAL STANDARD

"Courts have long recognized that settlement class actions present unique due process concerns for absent class members." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) (citation and internal quotations omitted). To protect the rights of absent class members, Rule 23(e) of the Federal Rules of Civil Procedure requires that the court approve all class action settlements "only after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *Bluetooth*, 654 F.3d at 946.

Review of a proposed class action settlement ordinarily involves two hearings. *See* Manual for Complex Litigation (4th) § 21.632. First, the court conducts a preliminary fairness evaluation. If the court makes a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms, the parties are directed to prepare the notice of proposed settlement to the class members. *Id.* (noting that if the parties move for both class certification and preliminary approval, the certification hearing and preliminary fairness evaluation can usually be combined). Second, the court holds a final fairness hearing to determine whether to approve the settlement. *Id.*; *see also Narouz v. Charter Commc'ns, Inc.*, 591 F.3d 1261, 1266–67 (9th Cir. 2010).

## ANALYSIS

### I. Proposed Settlement Agreement

Plaintiff here seeks approval of their proposed settlement agreement. (Doc. No. 225.) Under Rule 23(e), a court may approve a class action settlement only if the settlement is fair, reasonable, and adequate. *Bluetooth*, 654 F.3d at 946. "[P]reliminary approval of a settlement has both a procedural and substantive component." *See, e.g.*, *In re Tableware Antitrust*

3

*Litigation*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (citing *Schwartz v. Dallas Cowboys Football Club, Ltd.*, 157 F. Supp. 2d 561, 570 n.12 (E.D. Pa. 2001)). In particular, preliminary approval of a settlement and notice to the proposed class is appropriate if: (i) the proposed settlement appears to be the product of serious, informed, non-collusive negotiations; and (ii) the settlement falls within the range of possible approval, has no obvious deficiencies, and does not improperly grant preferential treatment to class representatives or segments of the class. *Id.*; *see also Ross v. Bar None Enterprises, Inc.*, No. 2:13–cv–00234–KJM–KJN, 2014 WL 4109592, at *9 (E.D. Cal. Aug. 19, 2014). However, a district court reviewing a proposed settlement is not to "reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute." *Chem. Bank v. City of Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992).

### A. **Procedural Adequacy**

The first factor relevant to the court's preliminary approval of settlement concerns procedural fairness. *Pierce v. Rosetta Stone, Ltd.*, No. C 11–01283 SBA, 2013 WL 1878918, at *4 (N.D. Cal. 2013). In his motion, plaintiff states that the parties have discussed the possibility of settling the case over the past several years. (Doc. No. 226 at 4.) Plaintiff references a number of factors motivating the parties to settle, including: (i) the small size of the class, which consists of less than 200 class members; (ii) the expense and duration of protracted merits discovery; (iii) the difficulty of conducting discovery in connection with, at this point, a relatively old case; (iv) the need for experts and the time and costs associated with that process; (v) the reduced threat of any future wide-spread immigration-related violations by defendant involving hourly paid workers; and (vi) the uncertainty stemming from defendant's criminal proceedings and the possibility of future criminal investigations by foreign states that could further stay or delay this case; and (vii) the futility of pursuing class recovery from defendant in light of his apparent lack of any financial resources.[2] (*Id.* at 4–5.) At the oral argument on the pending motion, the parties also advised that they arrived at the settlement agreement after corresponding with each other and conferring with their clients. The court finds the parties have sufficiently shown the settlement

---

[2] These factors are noted in the joint status reports previously filed by the parties. (*E.g.*, Doc. No. 223 at 3.)

4

was the product of informed, non-collusive negotiations deserving of preliminary approval. *See In re Tableware*, 484 F.Supp.2d at 1079; *Palacios v. Penny Newman Grain, Inc.*, No. 1:14–cv–01804–KJM, 2015 WL 4078135, at *8 (E.D. Cal. July 6, 2015).

### B. <u>Substantive Adequacy</u>

In conducting the preliminary fairness determination, the court must also consider whether the settlement itself is substantively fair, reasonable, and adequate. *See Bluetooth*, 654 F.3d at 945. Several factors bear on the inquiry, including the size of the settlement award, the nature of the claims released, the amount of attorneys' fees awarded, and the size of the incentive payment to class representatives. *See Hanlon*, 150 F.3d at 1026; *Villegas v. J.P. Morgan Chase & Co.*, No. CV 09–00261 SBA (EMC), 2012 WL 5878390, at *6–7 (N.D. Cal. Nov. 21, 2012).

#### i. *Adequacy of the Settlement Amount*

To evaluate the fairness of the settlement award, the court should "compare the terms of the compromise with the likely rewards of litigation." *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424–25 (1968). "It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery does not per se render the settlement inadequate or unfair." *In re Mego Fin. Corp. Secs. Litig.*, 213 F.3d at 459. Courts are also obliged to ensure that the attorneys' fees awarded in a class action settlement are reasonable, even if the parties have already agreed on an amount. *Bluetooth*, 654 F.3d at 941.

As stated above, the proposed settlement agreement provides that each party will cover its own costs, and that neither plaintiff nor class counsel will receive any payment. (Doc. No. 226 at 5.) Plaintiff argues that the settlement agreement is reasonable because there is no realistic potential for recovery in this case, since defendant does not have any appreciable assets, has a significant negative net worth due to multi-million dollar judgments having been entered against him, and is currently unemployed with no future job prospects.[3] (*Id.*) In support of these facts, plaintiff references the joint status reports previously filed by the parties with the court, and a

---

[3] Plaintiff notes that defendant was not ordered to pay restitution as part of the sentence imposed in his criminal proceedings. (*Id.* at 4.)

declaration from the defendant confirming his negative net worth.  (*Id.* at 4, 16–18.)

Based on the information provided by plaintiff in his moving papers, and in light of the evidence supporting the unlikely nature of recovery, the court finds the proposed settlement amount to be adequate.

**II.    Proposed Class Notice**

For proposed settlements under Rule 23, "the court must direct notice in a reasonable manner to all class members who would be bound by the proposal.  Fed. R. Civ. P. 23(e)(1); *see also Hanlon*, 150 F.3d at 1025 ("Adequate notice is critical to court approval of a class settlement under Rule 23(e).").  A class action settlement notice "is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard."  *Churchill Vill., LLC v. Gen. Elec.*, 561 F.3d 566, 575 (9th Cir. 2004) (internal quotations and citations omitted).

Here, plaintiff's proposed notice describes the terms of the settlement, informs the class of the attorneys' fee amount, provides information concerning the time, place, and date of the final approval hearing, and informs absent class members that they may enter an appearance through counsel. (Doc. No. 226 at 13–14.)  It also notifies absent class members about how they may object to the proposed settlement, provides for mail delivery, and requires any objections to be submitted by sixty days after the mailing of the notice.  (*Id.*)  The proposed notice does not provide an additional opportunity to opt out.  (*Id.* at 8.)

The court finds that the notice and the manner of notice proposed by plaintiff meets the requirements of Federal Civil Procedure Rule 23(c)(2)(B) and that the proposed mail delivery is appropriate in these circumstances.  *See Churchill Vill., LLC*, 561 F.3d at 575.  The court also finds that no additional opt-out opportunity is required, as class members were given an opportunity to opt-out during an earlier stage of this litigation, (Doc. No. 172).  *See Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 635 (9th Cir. 1982); *see also Low v. Trump Univ., LLC*, Case No.: 3:10–cv–00940–GPC–WVG, Case No.: 3:13–cv–02519–GPC–WVG, 2017 WL 1275191, at *8 (S.D. Cal. Mar. 31, 2017).

/////

## CONCLUSION

For the reasons stated above:

1. The proposed settlement is approved on a preliminary basis as fair and adequate;
2. The proposed form of notice conforms with Federal Rule of Civil Procedure 23 and is approved;
3. The hearing for final approval of the proposed settlement is now scheduled for June 26, 2017, at 3:30 p.m. in Courtroom 5 before District Judge Dale A. Drozd;
4. The proposed settlement implementation schedule is adopted.

IT IS SO ORDERED.

Dated: **April 18, 2017**

UNITED STATES DISTRICT JUDGE