UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN BREWER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT SALYER,<br><br>　　　　　Defendant. | No. 1:06-cv-01324-DAD-MJS<br><br>ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND DISMISSAL OF CLASS CLAIMS<br><br>(Doc. No. 225.) |

This matter is before the court on June 26, 2017, for a hearing concerning final approval of the proposed class action settlement and dismissal of the class claims. (Doc. No. 225.) Attorney Matthew Galin appeared telephonically on behalf of plaintiff Robin Brewer, and attorney Malcolm Segal appeared telephonically on behalf of defendant Scott Salyer. Oral argument was heard and the matter was taken under submission. For the reasons stated below, the court will grant final approval of the proposed class action settlement.

**FACTUAL BACKGROUND**

On September 21, 2006, plaintiff Robin Brewer filed a class action complaint against defendant, president of a non-party company, SK Foods. (Doc. No. 1.) Plaintiff's complaint is based on allegations that defendant knowingly hired undocumented immigrants at SK Foods for the purpose of depressing wage rates.

/////

1

Plaintiff filed a first amended complaint ("FAC") on June 1, 2007. (Doc. No. 38.) In the FAC, plaintiff alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, based on the predicate offense of violating the Immigration and Nationality Act ("INA"). (*Id.*) The specific INA violation plaintiff alleged involved 8 U.S.C. § 1324(a)(3), which prohibits importing undocumented aliens for employment purposes.

On May 18, 2009, the court granted plaintiff's motion for class certification. (Doc. No. 101.) In granting the plaintiff's motion, the court certified a class of "All Seasonal Hourly Wage Earners employed by SK Foods between June 1, 2003, and June 1, 2008." (*Id.* at 18.) The court subsequently granted plaintiff's motion to expand the class to include all seasonal workers employed by SK Foods from September 22, 2002, to the date of filing a second amended complaint." (Doc. No. 112.) Plaintiff's Second Amended Complaint ("SAC") reflecting the expanded class was filed on July 21, 2009. (Doc. No. 113.)

On January 5, 2010, defendant Salyer was charged by way of criminal complaint with multiple counts of mail and wire fraud in violation of 18 U.S.C. §§ 1341, 1343. *See United States v. Frederick Scott Salyer*, Case No. 2:10-cr-00061 TLN (E.D. Cal.)). On February 18, 2010, the federal grand jury for this district indicted him on charges of engaging in racketeering activity through a pattern of mail and wire fraud as well as bribery in violation of 18 U.S.C. § 1962 along with other charges. (*Id.*) During this same period, SK Foods went into involuntary bankruptcy, with Bradley Sharp appointed as Trustee. (*Id.*) Because of the extensive litigation surrounding the bankruptcy and the criminal proceedings against defendant Salyer, the court stayed discovery in this action. (Doc. No. 173.)

Defendant Salyer entered a guilty plea in his criminal case in March 2012 and was incarcerated between April 2013 and November 2016. (Doc. No. 210 at 3.) On January 20, 2017, the court lifted the discovery stay in the present case, and required the parties to file a motion for settlement, voluntary dismissal, compromise or such other motion required to move the matter toward disposition within sixty days of the date of the order. (Doc. No. 224.)

On March 14, 2017, plaintiff filed an unopposed motion for preliminary approval of class action settlement and dismissal of claims. (Doc. No. 225.) Under the proposed settlement

agreement, the class will dismiss all claims without prejudice, with each side to bear its own costs. (Doc. No. 226 at 5.) On April 18, 2017, this court granted preliminary approval of the settlement agreement and authorized the proposed form of notice to class members. (Doc. No. 230.)

After conducting the final fairness hearing and considering the terms of the settlement, the court now addresses whether the proposed settlement is fair, reasonable, and adequate. *See Mitchinson v. Love's Travel Stops & Country Stores*, No. 1:15–cv–01474–DAD–BAM, 2017 WL 2289342, at *2 (E.D. Cal. May 25, 2017).

## LEGAL STANDARD

"Courts have long recognized that settlement class actions present unique due process concerns for absent class members." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) (citation and internal quotations omitted). To protect the rights of absent class members, Rule 23(e) of the Federal Rules of Civil Procedure requires that the court approve all class action settlements "only after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *Bluetooth*, 654 F.3d at 946.

Review of a proposed class action settlement ordinarily involves two hearings. *See* Manual for Complex Litigation (4th) § 21.632. First, the court conducts a preliminary fairness evaluation. If the court makes a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms, the parties are directed to prepare the notice of proposed settlement to the class members. *Id.* (noting that if the parties move for both class certification and preliminary approval, the certification hearing and preliminary fairness evaluation can usually be combined). Second, the court holds a final fairness hearing to determine whether to approve the settlement. *Id.*; *see also Narouz v. Charter Commc'ns, Inc.*, 591 F.3d 1261, 1266–67 (9th Cir. 2010).

## ANALYSIS

**A.  Final Approval of Settlement**

A class action may be settled only with the court's approval. Fed. R. Civ. P. 23(e). "Approval under 23(e) involves a two-step process in which the Court first determines whether a

proposed class action settlement deserves preliminary approval and then, after notice is given to class members, whether final approval is warranted." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004). At the final approval stage, the primary inquiry is whether the proposed settlement "is fundamentally fair, adequate, and reasonable." *Lane v. Facebook, Inc.*, 696 F.3d 811, 818 (9th Cir. 2012); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness." *Hanlon*, 150 F.3d at 1026 (citing *Officers for Justice v. Civil Serv. Comm'n of S.F.*, 688 F.2d 615, 628 (9th Cir. 1982)); *see also Lane*, 696 F.3d at 818–19. Having already completed a preliminary examination of the agreement, the court reviews it again, mindful that the law favors the compromise and settlement of class action suits. *See, e.g.*, *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008); *Churchill Village, LLC. v. Gen. Elec.*, 361 F.3d 566, 576 (9th Cir. 2004); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). Ultimately, "the decision to approve or reject a settlement is committed to the sound discretion of the trial judge because he [or she] is exposed to the litigants and their strategies, positions, and proof." *Staton v. Boeing Co.*, 327 F.3d 938, 953 (9th Cir. 2003) (quoting *Hanlon*, 150 F.3d at 1026).

To determine whether a settlement is "fair, reasonable, and adequate" under Federal Civil Procedure Rule 23(e), the court is to consider a number of factors, including (i) the strength of the plaintiffs' case; (ii) the risk, expense, complexity, and likely duration of further litigation; (iii) the risk of maintaining class action status throughout the trial; (iv) the amount offered in settlement; (v) the extent of discovery completed and the stage of the proceedings; (vi) the experience and views of counsel; (vii) the presence of a governmental participant; and (viii) the reaction of class members to the proposed settlement. *See Churchill Vill. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (citing *Hanlon*, 150 F3d at 1026); *see also Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993) (noting that not all factors will apply to every class action settlement, and that certain factors may predominate depending on the nature of the case). The court will also consider the procedure by which the parties arrived at the settlement. *See Manual for*

*Complex Litigation (Fourth)* § 21.6 (2004); *see also In re Tableware Antitrust Litig.*, No. C-04-3514 VRW, 2007 WL 4219394, at *2 (N.D. Cal. Nov. 28, 2007).

1. Strength of Plaintiff's Case

When assessing the strength of plaintiff's case, the court does not reach "any ultimate conclusions regarding the contested issues of fact and law that underlie the merits of this litigation." *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 720 F. Supp. 1379, 1388 (D. Ariz. 1989). The court cannot reach such a conclusion because evidence has not been fully presented. *Id.* Instead, the court is to "evaluate objectively the strengths and weaknesses inherent in the litigation and the impact of those considerations on the parties' decisions to reach these agreements." *Id.*

Plaintiff asserted in his motion for preliminary approval of the class action settlement that there is no realistic potential for recovery in this action. (Doc. No. 226 at 5.) In particular, plaintiff emphasized that defendant Salyer does not have any appreciable assets, has a significant negative net worth due to multi-million dollar judgments already entered against him, and is currently unemployed with no future job prospects. (*Id.*) In light of these uncontested facts, the court finds that this factor favors approval of the settlement.

2. Risk, Expense, Complexity, and Likely Duration of Further Litigation, and Risk of Maintaining Class Action Status Through Trial

"[T]here is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008) (citing *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992)). As a result, "[a]pproval of settlement is preferable to lengthy and expensive litigation with uncertain results." *Johnson v. Shaffer*, No. 2:12-cv-1059 KJM AC P, 2016 WL 3027744, at *4 (E.D. Cal. May 27, 2016) (citing *Morales v. Stevco, Inc.*, No. 09–00704, 2011 WL 5511767, at *10 (E.D. Cal. Nov. 10, 2011)).

In its prior order granting preliminary approval of settlement, the court noted that further litigation of this action presented various risks for both parties, including increased expenses, practical difficulties related to conducting discovery in a relatively old case, and uncertainties

stemming from defendant's criminal proceedings and the possibility of future criminal investigations by foreign states that could further stay or delay the resolution of this case. (*Id.* at 4–5.) Based on the risks and expenses associated with litigating the claims at issue, consideration of this factor also weighs in favor of approval.

### 3. Settlement Amount

Generally, in evaluating the fairness of a settlement award, the court should "compare the terms of the compromise with the likely rewards of litigation." *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424–25 (1968). However, "[i]t is well-settled law that a cash settlement amounting to only a fraction of the potential recovery does not per se render the settlement inadequate or unfair." *In re Mego Fin. Corp. Secs. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (quoting *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 628 (9th Cir. 1982). .

Here, the proposed settlement agreement provides that the class members will dismiss all claims without prejudice, with each side to bear its own costs. Though the settlement agreement provides no recovery for class members, plaintiff emphasizes that continuing to pursue any recovery through this action is futile in light of the defendant's lack of any financial resources. (*Id.* at 4–5.) The court concludes that the settlement amount in this case is reasonable under these unique circumstances.

### 4. Extent of Discovery Completed and the Stage of the Proceedings

"In the context of class action settlement, 'formal discovery is not a necessary ticket to the bargaining table' where the parties have sufficient information to make an informed decision about settlement." *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998) (quoting *In re Chicken Antitrust Litig.*, 669 F.2d 228, 241 (5th Cir. 1982)). Approval of a class action settlement thus "is proper as long as discovery allowed the parties to form a clear view of the strength and weaknesses of their case." *Monterrubio v. Best Buy Stores, L.P.*, 291 F.R.D. 443, 454 (E.D. Cal. 2013).

As the court observed in its order preliminarily approving the class action settlement, the parties in this case arrived at the instant agreement after corresponding with each other and

conferring with their clients. (Doc. No. 230.) It is also noteworthy that this action has been pending before the court for almost eleven years. The court concludes that consideration of this factor ultimately weighs in favor of approving the settlement agreement.

       5.   <u>Experience and Views of Counsel;</u>

Plaintiff's counsel argues that this settlement is beneficial for class members because there is no realistic chance of recovery from defendant, and dismissal of claims thus conserves resources of the parties and the court. (Doc. No. 226 at 7.) This factor favors approving the settlement. *See Mitchinson*, 2017 WL 2289342, at *5; *Pointer v. Bank of Am.*, N.A., No. 2:14–CV–00525–KJM–CKD, 2016 WL 7404759, at *12 (E.D. Cal. Dec. 21, 2016).

       6.   <u>Presence of a Governmental Participant;</u>

Because there are no separate governmental participants involved in the action, this factor is neutral as to the court's analysis of the settlement agreement. *See Shaffer*, 2016 WL 3027744, at *5.

       7.   <u>Reaction of Class to the Proposed Settlement</u>

The absence of objections to a proposed class action settlement supports that the settlement is fair, reasonable, and adequate. *See National Rural Telecommunications Cooperative v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) ("The absence of a single objection to the Proposed Settlement provides further support for final approval of the Proposed Settlement.") (and cases cited therein); *Barcia v. Contain-A-Way, Inc.*, 3:07-cv-00938-IEG-JMA, 2009 WL 587844, at *4 (S.D. Cal. 2009).

During the hearing for final approval of the class action settlement, class counsel represented that notice of settlement was sent to class members pursuant to the method approved by the court in its April 18, 2017 order (Doc. No. 230). This notice was sent to the last known address of all class members, and was posted on class counsel's website, www.fosterpc.com. The notice advised class members of the factual and procedural background of the action, informed them of the date of the hearing for final approval of the settlement, and explained how class members could object to the settlement. Approximately nineteen notice packets were returned as undeliverable. Class counsel received zero objections to the settlement, no objections were

received by the court, and no class member appeared at the final approving hearing despite having been advised of the hearing by the notice.

The court concludes that consideration of this factor also weighs in favor of settlement. *See, e.g.*, *Sandoval v. Theraldson Emp. Mgmt.*, No. EDCV 08-482-VAP (OPx), 2010 WL 2486346, at *3 (C.D. Cal. June 15, 2010) (granting final approval to a class action settlement when 190 of 988, or 19.23%, of the class notices were returned as undeliverable).

B. <u>Attorneys' Fees and Costs and Class Representative Payment</u>

The proposed settlement agreement does not provide for an award of attorneys' fees and costs, or for payment to the named plaintiff.

**CONCLUSION**

For all of the reasons set forth above, the court:

1. Finds the terms of the proposed settlement agreement to be fair, adequate, and reasonable and to comply with Rule 23(e) of the Federal Rules of Civil Procedure;
2. Grants final approval of the class action settlement;
3. Enters this final judgment and orders that parties act in accordance with the terms in the settlement agreement;
4. Declines to maintain jurisdiction to enforce the terms of the parties' settlement agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) ("[E]nforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction."); and
5. Directs the Clerk of the Court to close this case.

IT IS SO ORDERED.

Dated: **June 29, 2017**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE